UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. |
| | : | 3:10-cr-68 (JCH) |
| v. | : | |
| | : | |
| EDWIN T. WESTMORELAND, | : | DECEMBER 28, 2010 |
| Defendant. | : | |

**ORDER RE: MOTION TO CORRECT OMISSION IN JUDGMENT (DOC. NO. 233)**

The United States moves to amend the Judgment for defendant Edwin T. Westmoreland to include a forfeiture provision. The forfeiture sought by the government was agreed to in the plea agreement. However, the government made no motion for forfeiture prior to this time, and the court has not issued a preliminary order of forfeiture. As the government admits, "[a]t the defendant's sentencing, on December 9, 2010, the agreed-upon forfeitures were not discussed, and the government did not raise the issue on the record. Accordingly, the agreed-upon forfeitures were not included in the written judgment." Gov't Motion at 1. Nevertheless, the government characterizes the omission as a "clerical error" and proposes that it may be corrected pursuant to Fed. R. Crim. P. 36 ("Rule 36").

Fed. R. Crim. P. 32.2 ("Rule 32.2") identifies at least three procedural requirements for forfeiture. First, the court must determine what property is subject to forfeiture "as soon as practical after . . . a plea of guilty or nolo contendere is accepted" and, upon identifying such property, enter a preliminary order of forfeiture. Rule 32.2(b)(1), (2). "Unless doing so is impractical," the preliminary order must be entered

1

"sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Rule 32.2(b)(2)(B). Second, "the court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." Rule 32.2(b)(4)(B). Third, the court "must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36." Id.

In this case, none of the requirements of Rule 32.2 were met: a preliminary order was neither sought by the government nor issued by the court, the defendant was not orally apprised of forfeiture at sentencing, and the forfeiture was not included in the judgment. Under these circumstances, the court cannot use Rule 36 to add a forfeiture order to the judgment.

Rule 32.2 expressly contemplates the use of Rule 36 only to correct a failure to fulfill the last requirement, that is, to add the forfeiture to the judgment. Rule 32.2(b)(4)(B). By implication, Rule 36 cannot be used to overcome the failure to fulfill the other requirements. In other words, Rule 36 may be used to add forfeiture to the written judgment after the fact, but only where the court has issued a preliminary order of forfeiture and orally announced the forfeiture at sentencing.

This is consistent with the Second Circuit's well-established interpretation of Rule 36. "Rule 36 allows a court to fix a clerical error in the written judgment, not to amend the oral judgment 'to effectuate an intention that the court did not express in its oral sentence.'" United States v. Kieffer, 257 F. App'x 378, 380 (2d Cir. 2007) (quoting Unites States v. DeMartino, 112 F.3d 75, 79 (2d Cir. 1997)). "It is clearly established in

this Circuit that '[i]t is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. The written commitment order is mere evidence of such authority.' Rule 36 authorizes a district judge, at any time, to amend the written judgment so that it conforms with the oral sentence pronounced by the court. What Rule 36 does not permit, however, is amendment of the oral sentence itself." United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995) (citations omitted); see also DeMartino, 112 F.3d at 78 ("Because a defendant has a constitutional right to be present when he is sentenced . . ., if there is a variance between the oral pronouncement of sentence and the written judgment of conviction, the oral sentence generally controls.").

The non-binding case law cited by the government provides no basis for using Rule 36 to add forfeiture to the judgment where none of the requirements of Rule 32.2 have been met. See United States v. Hatcher, 323 F.3d 666, 673 (8th Cir. 2003) ("If the judge had never before addressed the forfeiture issue, we might agree [that omission of forfeiture was not a clerical error.] In light of the Court's earlier entry of a preliminary forfeiture order, however, we conclude that the omission did constitute a clerical error."); United States v. Bennett, 423 F.3d 27, 281-82 (3d Cir. 2005) ("The District Court's error can properly be regarded as clerical because: (1) the parties stipulated to the forfeiture; (2) a preliminary order of forfeiture was issued; and (3) the omission of the final order of forfeiture resulted from an organizational failure [by the District Court and the Deputy Clerk], not a legal error."); United States v. Loe, 248 F.3d 449, 464 (5th Cir. 2001) ("In this case, Judge Brown indicated orally at the sentencing hearing that the Florida

3

property would be forfeited. Moreover, the court issued a written preliminary order of forfeiture on March 31, 1999.").

Where the government failed to move for a preliminary order of forfeiture and failed to raise the issue at sentencing, and where the court therefore did not impose forfeiture at sentencing, the lack of a forfeiture provision in the judgment cannot be described as a "clerical error" susceptible to correction under Fed. R. Crim. P. 36. Therefore, the government's motion [Doc. No. 233] is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 28th day of December, 2010.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge